**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**ILLINOIS EASTERN DIVISION**

FIT BODY BOOT CAMP, INC.,

          Plaintiff,

v.

MARCUS CLARK, and

KEVIN MILLS,

Case No. 1:22-cv-06025

**CIVIL ACTION – COMPLAINT**

**INTRODUCTION**

1.  Plaintiff Fit Body Boot Camp, Inc. ("FBBC") brings this action against former franchisees Marcus Clark and Kevin Mills (collectively, the "Franchisee" or "Defendants") who: (a) are operating a competitive business (the "Competing Business") using the Marks and the proprietary FBBC franchise system without authorization to divert members of a formerly franchised business to the Competing Business; (b) are in violation of their post-termination obligations under the Franchise Agreement; (c) continue to operate the Competing Business diverting customers from the FBBC system in direct violation of their post-termination non-competition covenants; and (d) failed to pay and therefore owe certain amounts to FBBC under the Franchise Agreement. FBBC brings this action to protect the goodwill associated with its trademarks and to protect FBBC's franchisees who are being harmed due to Defendants' unauthorized use of the FBBC trademarks and its proprietary system. Because the Defendants are no longer affiliated with FBBC, FBBC has no ability to ensure that the Defendants are operating

pursuant to FBBC's strict guidelines and requirements which is damaging the goodwill associated FBBC's proprietary system and its trademarks. Furthermore, by infringing upon FBBC's trademarks and violating FBBC's non-competition agreement, Defendants are unfairly competing with FBBC and its franchisees.

## THE PARTIES

2.     FBBC is a California corporation with is corporate headquarters in Chino Hills, California. FBBC owns various systems and trademarks, including the trademark "FIT BODY BOOT CAMP®" and associated proprietary marketing and operational systems.

3.     Marcus Clark is an adult individual with an address in Streamwood, Illinois.

4.     Kevin Mills is an adult individual with an address in Crystal Lake, Illinois.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338, as FBBC's claims against Defendants are based upon trademark infringement under the Lanham Act, 15 U.S.C. §1051 et seq.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the issues giving rise to the claims asserted occurred in this judicial district.

## THE FRANCHISED BUSINESS

7.     FBBC, founded in 2009, has been franchising since 2011 in the fitness industry. FBBC franchises gym and fitness businesses that provide indoor fitness boot camp classes.

8.     FBBC franchisees are licensed to use FBBC system, trade names, service marks, and trademarks. The FBBC system includes apparel, interior and exterior branding, products, class programs, standards, specifications, proprietary marks and information, and social media

platforms. The relationship between FBBC and its franchisees is governed by the terms and conditions of the FBBC Franchise Agreement entered into between FBBC and each franchisee or franchisee group.

## TRADEMARKS

9.      FBBC owns the exclusive rights to use and franchise the right to use the "FIT BODY BOOT CAMP®" trademarks and related logos including the marks registered on the Principal Register of the United States Patent and Trademark Office at Registration Nos. 5826276, 5329068, and 3852206 (the "Marks").

10.     Only authorized licensees are permitted to use the FBBC proprietary business system, and Marks designated by FBBC.

11.     Since 2009 and 2011, respectively, FBBC and its franchisees have continuously used and advertised the FBBC Marks throughout the country. These Marks distinguish FBBC's business and that of its franchisees from similar businesses and are widely known and recognized by consumers.

12.     There are currently over 250 FIT BODY BOOT CAMP® franchisees in operation throughout the country.

## THE FRANCHISE AGREEMENT

13.     Defendants entered into a franchise agreement (the "Franchise Agreement") with FBBC dated April 21, 2020, pursuant to which Defendants were granted the right and undertook the obligation to operate a FIT BODY BOOT CAMP® franchise (the "Franchised Business") located at 1320 Illinois Route 59, Suite 164, Naperville, IL 60563 (the "Premises"). Attached to this Complaint as Exhibit A is a true and correct copy of the Franchise Agreement between FBBC and Defendants.

14.     FBBC requires all franchisees to sign its designated form of franchise agreement in order to open and operate a FIT BODY BOOT CAMP® franchise.

15.     The Franchise Agreement licensed Defendants to utilize the Marks in furtherance of Defendants' Franchised Business in accordance with the terms and conditions of the Franchise Agreement.

16.     The Franchise Agreement required Defendants to pay to FBBC: (a) a monthly royalty fee of $997 pursuant to Section 4.2(a) (the "Royalty"); (b) a monthly software reimbursement fee in the amount designated by FBBC (currently $300 per month) pursuant to Section 4.2(b) (the "Software Fee"); and (c) a $500 monthly Marketing Fee pursuant to Section 4.3 (the "Marketing Fee").

17.     Pursuant to Section 11 of the Franchise Agreement, Franchisee is prohibited from: (a) operating a competitive business during the term of the Franchise Agreement; and (b) owning, in any part, or engaging in a competing or substantially similar business for one year after the termination of the Franchise Agreement that is located (i) at the franchised business location, (ii) within 25 miles of the Premises; (iii) at the location of any other FIT BODY BOOT CAMP® business; or (iv) within a 25 mile radius of any other FIT BODY BOOT CAMP® franchised location.

18.      Pursuant to Section 9.3 of the Franchise Agreement, Franchisee, following termination or expiration of the Franchise Agreement, are prohibited from using, either directly or indirectly, any of FBBC's proprietary information.

19.     Pursuant to Section 9.1 of the Franchise Agreement, Franchisee is expressly prohibited from using any of the Marks except as expressly authorized under the Franchise Agreement.

20.     Pursuant to Section 9.1 of the Franchise Agreement, Franchisee acknowledged and agreed that the use of Marks outside the scope of the terms of the Franchise Agreement without FBBC's prior written consent is an infringement of FBBC's exclusive rights, title and interest in and to the Marks.

21.     Pursuant to Section 11.1 of the Franchise Agreement, Franchisee is prohibited from diverting or attempting to divert any business or customer of the Franchised Business to any competitor, including by direct or indirect inducement or otherwise, or do or perform any other act injurious or prejudicial to the goodwill associated with the Marks or the FBBC system.

22.     Pursuant to Section 13.9 of the Franchise Agreement, if the Franchise Agreement is terminated as a result of Franchisee's default before the expiration of the term, it would be impossible to calculate with reasonable precision the losses that FBBC would incur because of the unpredictability of future business conditions, inflationary prices, the impact on the FIT BODY BOOT CAMP® franchise system's reputation from having a closed location, FBBC's ability to replace the Franchised Business in the same market, and other factors. If the Franchise Agreement is terminated as a result of a default by Franchisee, FBBC shall be entitled to recover as liquidated damages and not as a penalty, an amount equal to the aggregate monthly Royalty and Marketing Fees multiplied by thirty-six.

23.     Pursuant to Section 13.10 of the Franchise Agreement, FBBC is entitled to reimbursement of all costs FBBC has incurred (including reasonable attorneys' fees and investigators' fees) to enforce FBBC's rights and Franchisee's obligations under the Franchise Agreement, including actions to collect any amounts due and delinquent under the Franchise Agreement.

24.     Pursuant to Section 5.1 of the Franchise Agreement, the term of the Franchise Agreement is seven years.

25.     Pursuant to Section 4.7 of the Franchise Agreement, Franchisee is required to pay to FBBC all monies due on time or pay a late charge of 5% of the amount past due. Further, the Franchise Agreement requires Franchisee to pay to FBBC an annual interest rate of eighteen percent, or the maximum allowed by law, on all monies past due. Section 4.7 also requires Franchisee to reimburse FBBC for all reasonable costs FBBC incurs in attempting to collect unpaid debts owed by Franchisee to FBBC.

26.     Pursuant to Section 9.1 of the Franchise Agreement, Franchisee's use of the Marks must immediately cease upon termination of the Franchise Agreement.

27.     Pursuant to Section 13.1 of the Franchise Agreement, the Franchise Agreement may be terminated for cause, or a material violation including failure to substantially comply with any obligation, duty, or promise of the Franchise Agreement. Termination is effective thirty days after a notice to cure is received by Franchisee.

## Material Breach of the Franchise Agreement

28.     Beginning in May 2021, Defendants ceased making required Royalty, Software Fee, and Marketing Fee payments.

29.     FBBC issued a Notice of Delinquency dated January 21, 2022 (the "Delinquency Notice") informing Defendants of a delinquent balance in the amount of $13,715.71. A true and correct copy of the Delinquency Notice is attached hereto as Exhibit B.

30.     FBBC issued a Notice of Default of Fit Body Boot Camp Franchise Agreement dated June 17, 2022 (the "Default Notice") demanding that Defendants immediately pay

delinquent Royalties, Software Fees, and Marketing Fees in the amount of $20,823.53. A true and correct copy of the Default Notice is attached hereto as Exhibit C.

**Termination of the Franchise Agreement**

31.　Defendants failed to cure the material defaults identified in the Default Notice.

32.　FBBC issued a Notice of Termination of Fit Body Boot Camp Franchise Agreement dated July 18, 2022 (the "Termination Notice") to Defendants as a result of their uncured, material breaches of the Franchise Agreement. A true and correct copy of the Termination Notice is attached to this Complaint as Exhibit D.

33.　The Termination Notice demanded that Defendants immediately: (a) comply with all confidentiality, indemnification and non-competition covenants under the Franchise Agreement; (b) cease and desist from any and all use of the Marks and proprietary information; (c) pay all past due receivables, including $22,365.44 for unpaid Royalties, Software Fees, and Marketing Fees from the Franchised Business; (d) immediately return the Brand Standards Manual and all other confidential information and property belonging to FBBC; and (e) immediately assign all telephone numbers to FBBC.

34.　Defendants ignored their post-term obligations and failed to comply with the post-termination obligations under the Franchise Agreement.

35.　Social media visits revealed that Defendants continued operating the Competing Business and utilizing the Marks in breach of the post-termination obligations under the Franchise Agreement and in violation of FBBC's trademark rights under federal and state law.

36.　The following screenshot from Facebook was taken on October 31, 2022, demonstrating the Defendants' use of Facebook to promote the Competing Business and unlawful use of the Marks:





37.     The Defendants continue with their unlawful conduct to this day.

38.     The Defendants continue to: (a) make unauthorized use of the Marks after the termination of the Franchise Agreement; and (b) operate a competitive business at the Premises in violation of their noncompete obligations.

39.     The Defendants failed to comply with the post-termination obligations under Section 15 of the Franchise Agreement, including, among others: (a) complete removal of all

8

Marks belonging to FBBC, including any words or marks indicating affiliation with FBBC; (b) permanently discontinuing any actions stating or implying affiliation with FBBC; (c) complying with the non-competition covenant of the Franchise Agreement; and (d) using trade names, service marks, or trademarks significantly different from those of FBBC, including in both color and typeface.

## COUNT I
## TRADEMARK INFRINGEMENT

40.     FBBC owns the exclusive rights to use and franchise the right to use the Marks. Defendants used the Mark while operating a Competing Business after receipt of the Termination Notice.

41.     Defendants' use of the Marks while operating a Competing Business violated the post-termination obligations Franchise Agreement.

42.     Defendants' use of the Marks while operating a Competing Business under the same business model likely caused consumer confusion.

43.     Defendants' continued use of the Marks in connection with the operation of a substantially similar business at the same location is likely to cause consumer confusion.

44.     Defendants are using FBBC's Marks servicing the same and new customers without authorization to do so.

45.     Defendants are guilty of trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1051, et seq.

46.     Defendants' continued operation as set forth above has caused and will continue to cause FBBC irreparable injury, including due to consumers being deceived by the Defendants as a result of their operation of fitness centers under the same or substantially similar name as FIT BODY BOOT CAMP® business at the exact same location.

47.     Defendants' conduct was willful and deliberate, as Defendants knew they were not permitted to use the Marks in connection with the operation of the Competing Business after the term of the Franchise Agreement.

48.     As a result of the above conduct, FBBC's Marks have been removed from FBBC's control and FBBC will continue to lose profits and revenues which, because of the Defendants' conduct, cannot be readily calculated.

49.     FBBC has no adequate remedy at law because FBBC cannot be adequately compensated for the deprivation of the consumer recognition and goodwill built under the FBBC Marks as a result of Defendants' conduct.

**WHEREFORE**, Fit Body Boot Camp, Inc. demands judgment in its favor and against the Defendants Marcus Clark and Kevin Mills as follows:

a.      A preliminary and permanent injunction enjoining the Defendants, as well as their agents, employees, and any person acting in concert with them from using the FBBC Marks or any colorable imitation in any manner whatsoever;

b.      An accounting of and judgment for the profits to which FBBC may be entitled;

c.      Treble damages pursuant to 15 U.S.C. §1117;

d.      An order requiring Defendants to return or destroy any iterance of the FBBC Marks or derivatives thereof, including any reproduction, counterfeit, copy, or colorable imitation thereof, and all means of making the same pursuant to 15 U.S.C. §1118;

e.      An order requiring Defendants to remove, delete, or shut down any and all of Defendants' internet listings under Defendants' control and any social media postings and listings infringing upon FBBC's trademark rights;

f.      Punitive Damages;

g.      Attorneys' fees;

h.      Costs of this action; and

i.      Such further relief as this Court deems just and proper.

## COUNT II
## FALSE DESIGNATION OF ORIGIN

50.  Defendants' use of the Marks constitutes a false designation of origin and is likely to cause confusion, mistake, or deception as to the Defendants' affiliation, connection, or association with FBBC in violation of 15 U.S.C. §1125(a).

**WHEREFORE**, Fit Body Boot Camp, Inc. demands judgment in its favor and against the Defendants Marcus Clark and Kevin Mills as follows:

a.      A preliminary and permanent injunction enjoining the Defendants Marcus Clark and Kevin Mills, as well as their agents, employees, and any person acting in concert with them from using the FBBC Marks or any colorable imitation in any manner whatsoever;

b.      An accounting of and judgment for the profits to which FBBC may be entitled;

c.      Treble damages pursuant to 15 U.S.C. §1117;

d.      An order requiring Defendants Marcus Clark and Kevin Mills to return or destroy any 7of the FBBC Marks or derivatives thereof, including any reproduction, counterfeit, copy, or colorable imitation thereof, and all means of making the same pursuant to 15 U.S.C. §1118;

e.      An order requiring Defendants Marcus Clark and Kevin Mills to remove, delete, or shut down any and all of Defendants' internet listings under Defendants' control and any social media postings and listings infringing upon FBBC's trademark rights;

f.      Punitive Damages;

g.      Attorneys' fees;

h.      Costs of this action; and

11

i. Such further relief as this Court deems just and proper.

**COUNT III**
**UNFAIR COMPETITION**

51. As alleged in more detail above, as a result of Defendants' continued operation of a substantially similar business at the exact same location as the previously Franchised Business servicing the same customers, regular business has been and will continue to be diverted from FBBC's franchised system.

52. Moreover, FBBC will encounter significant difficulty in re-franchising the area of Naperville, Illinois, there now being a substantially similar competitive business not otherwise present in FBBC's other territories.

53. Defendants willfully intended to trade on FBBC's reputation and intended to divert business to Defendants' Competing Business in violation of the common law of unfair competition.

**WHEREFORE**, Fit Body Boot Camp, Inc. demands judgment in its favor and against the Defendants Marcus Clark and Kevin Mills as follows:

a. A preliminary and permanent injunction enjoining Defendants, as well as their agents, employees, and any person acting in concert with them from using the FBBC Marks or any colorable imitation in any manner whatsoever;

b. An accounting of and judgment for the profits to which FBBC may be entitled;

c. Treble damages pursuant to 15 U.S.C. §1117;

d. An order requiring Defendants Marcus Clark and Kevin Mills to return or destroy any iterance of the FBBC Marks or derivatives thereof, including any reproduction, counterfeit, copy, or colorable imitation thereof, and all means of making the same pursuant to 15 U.S.C. §1118;

12

e.     An order requiring Defendants Marcus Clark and Kevin Mills to remove, delete, or shut down any and all of Defendants' internet listings under Defendants' control and any social media postings and listings infringing upon FBBC's trademark rights;

f.     Punitive Damages;

g.     Attorneys' fees;

h.     Costs of this action; and

i.     Such further relief as this Court deems just and proper.

**COUNT IV**
**BREACH OF CONTRACT – BREACH OF POST TERMINATION NON-COMPETITION COVENANTS**

54.     The Franchise Agreement was terminated on July 18, 2022 upon delivery of the Termination Notice.

55.     Defendants continue to engage in the business of running fitness boot camps at the Premises.

56.     Defendants' operation of the Competing Business after the termination of the Franchise Agreement is in direct violation of the non-competition provisions of Section 11.2 of the Franchise Agreement.

57.     FBBC has no adequate remedy at law in that the damages as set forth above, including the misappropriation and theft of its proprietary business system, confidential information, and proprietary materials, and the consequential injury to consumer goodwill, cannot be compensated in monetary damages.

58.     The damages sustained by FBBC as a result of the loss of its goodwill and the potential deception and harm to the consuming public cannot be ascertained nor can such harm be compensated for in monetary damages.

13

59.     As a direct and proximate result, FBBC has suffered and continues to suffer damage to its business, reputation, and goodwill due to the Defendants' operation of the Competitive Business.

60.     FBBC's immediate and irreparable harm will increase unless and until the Defendants are enjoined from violating their post-termination obligations and otherwise competing unfairly with FBBC.

61.     A preliminary and permanent injunction is the only method by which FBBC can prevent the further usurpation of its business system and trade secrets.

**WHEREFORE**, Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendants Marcus Clark and Kevin Mills as follows:

a.     That Defendants Marcus Clark and Kevin Mills be preliminarily and permanently enjoined and restrained from operating, or engaging in any competitive business featuring, fitness boot camps or a substantially similar program, or from directly or indirectly being connected with the ownership, management, operation, control, or conduct of a competitive business featuring fitness boot camps or a substantially similar program located at the Premises, or within 25-miles of the Premises, or within 25-miles of any other FIT BODY BOOT CAMP® franchised business in operation as of the date of the Court's order for a period of one year form the date of their compliance with the Court's order;

b.     Attorneys' fee and other costs incurred in bringing this action;

c.     Costs of this action; and

d.     Such further relief as this Court deems just and proper.

## COUNT V
## BREACH OF CONTRACT –LIQUIDATED DAMAGES PURSUANT TO THE FRANCHISE AGREEMENT

62.     As alleged in more detail above, at all times referred to herein, FBBC was in compliance with the Franchise Agreement and has fulfilled all of its obligations pursuant to the terms and conditions thereof.

63.     The Franchise Agreement was terminated as a result of Defendants' material default thereunder, and failure to cure such material default.

64.     Pursuant to Section 13.9 of the Franchise Agreement, Defendants are obligated to pay to FBBC liquidated damages equal to the Royalty and Marketing Fee amounts Defendants were obligated to pay during the three years prior to the date the Franchise Agreement was terminated.

65.     Defendants' monthly Royalty is equal to $997.00 per month.

66.     Defendants' monthly Marketing Fee is equal to $500.00 per month.

67.     Defendants are liable to FBBC for liquidated damages in the amount of $53,892.00 (or, $997.00 multiplied by thirty-six plus $500.00 multiplied by thirty-six).

**WHEREFORE**, Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendants Marcus Clark and Kevin Mills, as follows:

a.      Damages in the amount of $53,892.00 together with pre-judgment and post-judgment interest;

b.      Attorneys' fees and other costs incurred in bringing this action;

c.      Costs of this action; and

d.      Such further relief as this Court deems just and proper.

## COUNT VI
## BREACH OF CONTRACT – UNPAID ROYALTIES PURSUANT TO THE FRANCHISE AGREEMENT

68.     As alleged in more detail above, pursuant to the terms of Section 4 of the Franchise Agreement, Defendants are required to pay Royalties, Software Fees, and Marketing Fees to FBBC for the operation of the Franchised Business.

69.     Defendants failed to pay FBBC Royalties, Software Fees, and Marketing Fees in the amount of $23,701.35 and late fees in the amount of $1,185.07. A true and correct copy of the accounting of the Royalties, Software Fees, Marketing Fees due to FBBC is attached as Exhibit E.

70.     As a direct and proximate result of the Defendants' breach of the Franchise Agreement, FBBC has been damaged as a result of Defendants' failure to pay Royalties, Software Fees, and Marketing Fees in the amount of $23,701.35 and late fees in the amount of $1,185.07.

**WHEREFORE**, Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendants Marcus Clark and Kevin Mills, as follows:

a.     Damages in the amount of $24,669.23 together with pre-judgment and post-judgment interest;

b.     Attorneys' fees and other costs incurred in bringing this action;

c.     Costs of this action; and

d.     Such further relief as this Court deems just and proper.

Dated: November 1, 2022

Respectfully submitted,

/s/ Brittney N. Cato
*Local Counsel for Plaintiff*

**MERCER OAK LLC**
Brittney N. Cato (ARDC #6323715)

16

29 N. Ada Street
Chicago, IL 60607
(872) 248-0601
britt@merceroaklaw.com

**FISHER ZUCKER LLC**
JoyAnn Kenny (pro hac vice to be filed)
Anthony Gruzdis (pro hac vice to be filed)
21 South 21st Street
Philadelphia, PA 19103
Tel: (215) 825-3100
Fax: (215) 825-3101
jkenny@fisherzucker.com
agruzdis@fisherzucker.com
*Counsel for Plaintiff*